LATHAM & WATKINS LLP
   Daniel Scott Schecter (Bar No. 171472)
    *daniel.schecter@lw.com*
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
Tel.: 424.653.5500; Fax: 424.653.5501
   Matthew A. Brill (admitted *pro hac vice*)
    *matthew.brill@lw.com*
   Andrew D. Prins (admitted *pro hac vice*)
    *andrew.prins@lw.com*
   Nicholas L. Schlossman (admitted *pro hac vice*)
    *nicholas.schlossman@lw.com*
   Jason R. Burt (admitted *pro hac vice*)
    *jason.burt@lw.com*
555 Eleventh Street, NW
Washington, D.C. 20004
Tel.: 202.637.2200; Fax: 202.637.2201
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH HART and LE'ROY ROBERSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br>CHARTER COMMUNICATIONS, INC., SPECTRUM MANAGEMENT HOLDING COMPANY LLC, and CHARTER COMMUNICATIONS OPERATING, LLC,<br><br>    Defendants. | Case No. 8:17-cv-00556-SB-RAO<br><br>STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION |

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, a protective order for such information is justified in this matter.

C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall

be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. DEFINITIONS

2.1 <u>Action</u>: Case No. 8:17-cv-00556-SB (RAOx) (C.D. Cal.).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"Confidential" Information or Items</u>: As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, rule, or other law; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the producing party has maintained as confidential; (d) private, non-public information concerning individuals; (e) personal identity information; (f) communications related to the settlement of claims between any party to this litigation and any third party who is not also represented by counsel for the receiving party; (g) communications related to the settlement of claims between any party to this litigation that occur after the entry of this Order; (h) communications with a person who is not a party to this litigation; or (i) information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Information or documents that are available to the public may not be designated as Confidential Information. Information or documents that are discovered or obtained by a Receiving Party by means that did not rely on Confidential Information produced by a Designating Party shall not constitute Confidential Information.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, including their support staff.

2.8 "<u>HIGHLY CONFIDENTIAL</u>" Attorneys-Eyes-Only Information: Extremely sensitive information or items, including trade secrets, research, technical, commercial, or financial information that the producing party has maintained as confidential, or private, non-public information concerning individuals, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

All materials produced or adduced in the course of discovery or otherwise in this matter, including responses to discovery requests, hearing testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Stipulation and Order. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein

after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Designation. A party may designate a document or information as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - AEO " on the document or information and on all copies. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL- AEO" shall be applied prior to or at the time of the documents are produced or disclosed. Any copies that are made of any documents or information marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - AEO" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Material are not required to be marked.

For testimony given in depositions, the Designating Party shall identify any Protected Material within 30 days of the deposition, and, unless otherwise agreed or designated on the record at the deposition, all rough and final deposition transcripts shall be treated as "CONFIDENTIAL" information until that period elapses.

5.2 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those materials, documents, items, or oral or written communications

that qualify so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.3 Derivative Works. Any notes, lists, memoranda, indices, compilations prepared or based on an examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or any other form of work product or information (including electronic forms), that quote from, paraphrase, copy, or disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material with such specificity that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material from which they are made and shall be subject to all of the terms of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. A party challenging the designation of Confidential Information or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within seven (7) business days.

6.2 Procedure for Challenges. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. The burden of persuasion in any

such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Disclosure or dissemination outside of this Action and/or contrary to the terms of this Order is a violation of this Order and is strictly prohibited. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to:

(a) the Parties

(b) the Receiving Party's Outside Counsel of Record in this Action, as well as employees and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c) the current and former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k) any other person agreed to by the Parties.

7.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to individuals in categories 7.2(b) to 7.2(k).

7.4 Notice to Non-Parties. Any party issuing a subpoena to a non-party shall enclose a copy of this Order with a request that the non-party either request the protection of this Order or notify the issuing party that the non-party does not need the protection of this Order or wishes to seek different protection.

7.5 Qualification of Outside Experts and Consultants. In the event that a party in this Action utilizes retained and/or testifying experts or consultants who are current employees of a direct competitor to any Defendant in this Action, the parties shall meet and confer prior to a party disclosing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to those experts or consultants. No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material shall be disclosed to such experts or consultants except upon written agreements of the parties or order of Court.

7.6 Exclusion of Individuals from Depositions. Whenever Protected Material is to be disclosed in a virtual, face-to-face, or hybrid deposition, the Designating Party may exclude from the room (or virtual room, as the case may be) any person, other than persons designated in Sections 7.2 and 7.3, as appropriate, for that portion of the deposition. Any person not authorized to access Protected Materials pursuant to Sections 7.1 and 7.2 shall similarly be prevented from accessing any real-time deposition transcription software for that portion of the deposition and must be prohibited from accessing any draft or final deposition transcripts for which that portion of the deposition testimony has not been redacted or sealed.

7.7 If Protected Material is to be disclosed in a judicial proceeding, the parties will endeavor to meet and confer in good faith about steps that can be taken, if any, to limit the disclosure of Protected Material to only those authorized under Sections 7.1 and 7.2, as appropriate and to permit the Producing Party the opportunity to seek appropriate relief from the Court, if necessary.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" that Party must:

      (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately use its best efforts to retrieve all unauthorized copies of the Protected Material.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document. Protected Material that is inadvertently not so-designated prior to production may be marked as Protected Material after production through notice to the other Parties.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

11.1 Fed. R. Evid. 502(d). Pursuant to Fed. R. Evid. 502(d), a Party or Third Party's disclosure or production of any documents or information in this proceeding shall not constitute a waiver of the attorney-client privilege, work product protection, joint defense/common interest privilege, or any other applicable privilege or immunity as applicable to those documents. There has been no waiver if a Party or Third Party discloses privileged or protected information, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

11.2 Clawback Procedure. A Party or Third Party may claw back documents protected from disclosure under the attorney-client privilege, work product doctrine, joint defense/common interest privilege, deliberative process privilege, law enforcement privilege, and/or any other applicable privilege or immunity from disclosure. To clawback such documents, the Producing or Third Party must provide notice in writing to the Receiving Party specifying the bates range of the inadvertently produced documents it wishes to claw back.

Upon notice that a Producing Party or Third Party wishes to claw back documents protected from disclosure under the attorney-client privilege, work product doctrine, deliberative process privilege, law enforcement privilege, and/or any other applicable privilege or immunity from disclosure that was produced inadvertently, the Receiving Party shall promptly undertake reasonable efforts to return to the Producing Party or Third Party or destroy all summaries or copies of such documents, Testimony, information, and/or things, shall provide notice in writing or by email that the Receiving Party has undertaken reasonable efforts to return or destroy such disclosed materials and shall not use such items for any purpose until further Court order.

The return of any documents to the Producing Party or Third Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however the receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status.

12. **MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.  **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must make reasonable effort to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

The Receiving Party's reasonable efforts shall not require the return or destruction of "Confidential" or "Attorneys' Eyes Only" materials from: (1) disaster recovery or business continuity backups, (2) data stored in system-generated temporary folders or near-line storage, (3) unstructured departed employee data, and/or (4) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of "Confidential" or "Attorneys' Eyes Only" material, but such retained information shall continue to be treated in accordance with the Order.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies that all the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding the above requirements to return or destroy Protected Material, counsel may retain for archival purposes complete copies of all court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that

1  contain or refer to Confidential or Attorneys' Eyes Only materials, provided that
2  such Counsel shall not disclose such materials to any person, except pursuant to
3  court order. Nothing shall be interpreted in a manner that would violate any
4  applicable canons of ethics or codes of professional responsibility. Any such archival
5  copies that contain or constitute Protected Material remain subject to this Protective
6  Order as set forth in Section 4.
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

14.  **VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: April 3, 2023

Jamin S. Soderstrom, Bar No. 261054
SODERSTROM LAW PC
1 Park Plaza, Suite 600
Irvine, California 92614
Tel: (949) 667-4700; Fax: (949) 424-8091

By /s/ Jamin S. Soderstrom
Jamin S. Soderstrom

Douglas L. Mahaffey, Bar No. 125980
MAHAFFEY LAW GROUP, PC
20162 SW Birch Street, Suite 300
Newport Beach, California 92660

*Counsel for Plaintiffs and the Proposed Class*

Dated: April 3, 2023

LATHAM & WATKINS LLP
   Daniel Scott Schecter
   Matthew A. Brill (*pro hac vice*)
   Andrew D. Prins (*pro hac vice*)
   Nicholas L. Schlossman (*pro hac vice*)
   Jason R. Burt (*pro hac vice*)

By /s/ Nicholas L. Schlossman
Nicholas L. Schlossman

*Attorneys for Defendants Charter Communications, Inc., Spectrum Management Holding Company LLC, and Charter Communications Operating, LLC.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 3, 2023

*[signature]*

HON. ROZELLA A. OLIVER, United States Magistrate Judge

## SIGNATURE CERTIFICATION

I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing. I have obtained authorization to affix their electronic signatures to this document.

Dated: 4/03/2023           By: /s/ Nicholas L. Schlossman

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in Case No. 8:17-cv-00556-SB-RAO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____